UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 14-00007 (KM) |
| v. |  |
| JEFFREY LAUREANO, | **MEMORANDUM & ORDER** |
| Defendant. |  |

Mr. Laureano pled guilty to conspiracy to distribute in excess of 100 grams of heroin, in violation of 21 U.S.C. § 846. On July 31, 2014, the Court sentenced Mr. Laureano to 64 months' imprisonment and 4 years' supervised release. After completing his term of imprisonment, he commenced his 4 year term of supervised release on August 9, 2018. Now before the Court Mr. Laureano's motion (DE 35), pursuant to 18 U.S.C. § 3583(e), for early termination of his term of supervised release. For the reasons stated herein, the motion is denied.

The threshold issue is waiver. The plea agreement provided that Mr. Laureano would be required to serve a term of supervised release of at least 4 years; indeed, 4 years is the statutory minimum. 21 U.S.C. § 841(b)(1)(B). The plea agreement contains a waiver provision, under which Mr. Laureano waived ""the right to file any appeal, any collateral attack, or any other writ or motion . . . which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 27." Plea Agreement 9 at ¶ 12.

To be enforceable, such a waiver in a plea agreement must meet three criteria: that " (1) [] the issues [defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice." *United States v. Damon,* 933 F.3d 269, 272 (3d Cir. 2019) (quoting *United States v. Corso,* 549 F.3d 921, 927 (3d Cir. 2008)).

Here, the issues fall within the scope of the waiver. Mr. Laureano was sentenced in accordance with the plea agreement, at an offense level of 27 or below. With the government's consent, he was granted a downward variance to level 25, in anticipation of an amendment to the Sentencing Guidelines.[1] The court ensured that Mr. Laureano entered into the plea knowingly and voluntarily, conducting a full Rule 11 colloquy. He does not contend otherwise; he seeks only a discretionary termination of supervised release. There is no danger of a miscarriage of justice. Mr. Laureano obtained the benefits of his plea agreement, including reductions in his offense level. On this motion, he points to such factors as his record of compliance, but his application presents, at most, a judgment call.

*Damon* upheld the district court's enforcement of just such a waiver to bar that defendant's post-imprisonment motion, pursuant to 18 U.S.C. § 3583, to shorten his term of supervised release. I do the same.

Even setting aside the waiver, however, I would deny the application. As relevant here, the statute provides as follows:

> (e) Modification of Conditions or Revocation.—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

18 U.S.C. § 3583(e). The court need not make detailed findings as to each of the § 3553(a) factors, but must indicate that it has considered them. *See United States v. Melvin*, 978 F.3d 49, 52–53 (3d Cir. 2020). I have done so.

---

[1] In fact, the court further varied downward from the imprisonment range of 70 to 87 months when it imposed its 64 month sentence.

My denial of this motion rests, in part, on the nature of the offense, and the need for a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides deterrence. The offense conduct consisted of Mr. Laureno's transportation of some 797 grams of heroin from the Bronx to Newark. I also considered Mr. Laureno's personal characteristics and criminal history, which included driving under the influence and passing of counterfeit money. In imposing a somewhat lenient, below-guidelines sentence, I considered it as part of a package that would include a four-year term of supervision to help guarantee that he would not repeat his criminal conduct. It was that entire package that, in my judgment, prevented the sentence from creating a disparity with those of similarly situated defendants.[2]

Mr. Laureano's arguments do not convince me otherwise. He stresses that he has served nearly 2 ½ years of his supervised release term; his compliance has been good; he has maintained employment; and termination of supervision would permit him to pursue further employment opportunities outside of his home state of New York. These factors are commendable, but insufficient to outweigh the considerations outlined above. At the time of sentencing, I considered the sentence to be the minimum necessary to meet the goals of sentencing, and I still do. I am not convinced that no further supervision is required. To the extent supervision may be interfering with such worthy rehabilitative goals as maintenance of employment, Mr. Laureano may request that his supervising officer relax individual conditions.

---

[2]   Indeed, the 4-year term is consistent with a Congressional judgment that this is the minimum required for an offense involving 100 grams or more of heroin. *See* 21 U.S.C. § 841(b)(1)(B). The term is phrased as a mandatory minimum. I will assume it does not preclude a § 3583 motion for reduction like this one. *See Damon,* 933 F.3d at 275 n.3 (declining to decide the issue).

**ORDER**

IT IS THEREFORE this 9th day of February, 2021,

ORDERED that the defendant's motion (DE 35), pursuant to 18 U.S.C. § 3583(e), to terminate his term of supervised release, is DENIED.

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge